**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TRUSTEES OF THE DETROIT
CARPENTERS FRINGE BENEFIT FUNDS,

        Case No. 13-cv-14525

    Plaintiffs,

v.

        Paul D. Borman
        United States District Judge

BRENT TAYLOR, INDIVIDUALLY,
AND D/B/A DUNCAN BAY GROUP,

    Defendant(s).
_____/

**ORDER:**
**(1) HOLDING DEFENDANT IN CIVIL CONTEMPT OF COURT;**
**(2) BEGINNING ON THURSDAY JULY 31, 2014, ASSESSING A DAILY FINE OF $100.00 AGAINST DEFENDANT FOR EVERY DAY HE FAILS TO COMPLY WITH THE DEFAULT JUDGMENT; AND**
**(3) ISSUING A BENCH WARRANT ON AUGUST 14, 2014 FOR DEFENDANT'S ARREST FOR CIVIL CONTEMPT OF COURT IF HE HAS NOT COMPLIED WITH THE DEFAULT JUDGMENT**

    This action arises from Plaintiffs Trustees of the Detroit Carpenters Fringe Benefit Funds' ("Plaintiffs") demand that Defendant Brent Taylor, doing business as Duncan Bay Group, ("Defendant") submit his books and records to be audited by Plaintiffs pursuant to a collective bargaining agreement and Defendant's alleged failure to do so.  On March 14, 2014, the Court granted Plaintiffs' motion for entry of a default judgment and ordered "that Defendant shall immediately submit to Plaintiffs for audit and inspection all the books and records of Brent Taylor, individually and d/b/a Duncan Bay Group ... for the period of February 1, 2013, through the date of production of the books and records." (Dkt. No. 8, at 2).

    Defendant failed to defend or otherwise appear in this action and the Court granted Plaintiffs' motion for entry of a Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2) after a

hearing on the issue on March14, 2014. (*See* Order, Dkt. No. 8).

Then in April 2014, Plaintiffs requested this Court hold Defendant in civil contempt after he failed to comply with the Court's Default Judgment and never produced the books and records. (Dkt. Nos. 11 & 12, Pls.' Pet. & Br.). Thereafter, the Court issued an Order to Show Cause as to why it should not hold Defendant in civil contempt and set a hearing for July 28, 2014 at 3:00 PM. (Dkt. No. 13).

The show cause hearing was held at 3:10 PM on July 28, 2014 and Defendant failed to appear despite being mailed a copy of the Order to Show Cause.

The Sixth Circuit has explained that "[c]ontempt proceedings enforce the message that court orders and judgments are to be complied with in a prompt manner." *Electrical Workers Pension Trust Fund of Local Union #58, v. Gary's Elec. Serv. Co*., 340 F.3d 373, 378-79 (6th Cir. 2003) (citation omitted) (hereinafter "*Electrical Workers*"). "In order to hold a litigant in contempt, a movant must produce clear and convincing evidence that shows that 'he violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Id*. at 379 (citation omitted); *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998) (finding that a party must establish civil contempt by clear and convincing evidence); *see also Trustees for the Mich. Carpenters' Council Pension Fund v. Indy Lab Systems, Inc*., No. 4:04-CV-19, 2006 WL 1982607, *1 (W.D. Mich. July 12, 2006) (finding same). "Clear and convincing evidence is not a light burden and should not be confused with the less stringent, proof by a preponderance of the evidence." *Electrical Workers*, 340 F.3d at 379 (citation omitted). After the movant establishes this evidence then the "burden shifts to the contemnor who may defend by coming forward with evidence showing that he is

*presently* unable to comply with the court's order." *Id*. (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983) (emphasis in original)).  The Sixth Circuit has stated that "to meet this production burden in this circuit 'a defendant must show categorically and in detail why he or she is unable to comply with the court's order'", and that the court must also consider whether the defendant took reasonable steps to comply with the court order.  *Id*. (citations omitted).

Plaintiffs' counsel's attests that he sent Defendant Taylor a copy of the Default Judgment, Defendant Taylor contacted Plaintiffs' counsel, and a meeting was scheduled for Defendant Taylor to produce the books and records.  (Dkt. No. 11, Pls.' Pet., at ¶¶ 4-7). Plaintiffs' counsel attests that Defendant Taylor did not appear at the scheduled meeting.  (*Id*. at ¶ 8).  Defendant also failed to respond to Plaintiffs' counsel's subsequent telephone call regarding the meeting. (*Id*. at ¶¶ 9-10).  Plaintiffs also attach correspondence sent to Defendant Taylor dated March 27, 2014 and proof of service regarding the personal service of the Default Judgment on Defendant.  (Pls.' Pet. Exs. B & C).

In light of this evidence, Plaintiffs have established by clear and convincing evidence that Defendant Taylor was personally aware of the Court's Default Judgment and therefore his failure to attend the scheduled meeting or otherwise produce the records was a violation of a "definite and specific order of the court".  Therefore, the burden shifts to Defendant to show why he is not presently able to comply with the Court's default judgment and produce the records at issue. As Defendant failed to appear for the scheduled show cause hearing, Defendant has not carried this burden.

IT IS HEREBY ORDERED that the Court holds Defendant Brent Taylor, individually and d/b/a Duncan Bay Group, in civil contempt of Court for failing to obey this Court's default

3

judgment and produce the requested books and records.

IT IS FURTHER ORDERED that the Court shall begin assessing a daily fine against Defendant Taylor, individually and d/b/a Duncan Bay Group, on Thursday, July 31, 2014, in the amount of $100.00 per day for every day Defendant Taylor fails to produce the books and records to Plaintiffs as dictated in the previous default judgment.

IT IS FURTHER ORDERED that on Thursday, August 14, 2014, if Defendant Taylor has failed to produce the books and records as provided in the default judgment, the Court shall issue a bench warrant for Defendant Taylor's arrest for civil contempt of Court for his on-going failure to comply with this Court's default judgment.

SO ORDERED.

                              s/Paul D. Borman  
                              PAUL D. BORMAN  
                              UNITED STATES DISTRICT JUDGE

Dated: July 28, 2014

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 28, 2014.

                              s/Deborah Tofil  
                              Case Manager